JUDGE RAKOFF     07 CV 5610

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY GINDLING, an individual, on her own behalf and on behalf of all similarly situated,<br><br>Plaintiff<br><br>v.<br><br>PLAYLOGIC ENTERTAINMENT INC., a Delaware corporation,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |



RECEIVED
JUN 1 2 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### CLASS ACTION COMPLAINT

Mary Gindling ("Gindling" or "Plaintiff"), for her complaint, alleges as follows upon information and belief, based upon, *inter alia*, investigation conducted by and through her attorneys, except as to those allegations pertaining to Plaintiff and her counsel personally, which are alleged upon knowledge:

### Nature of the Claim

1.  Defendant Playlogic Entertainment, Inc. markets and distributes certain computer software games which include StarForce digital rights management ("DRM") systems. Defendant is a leading publisher of computer games. It releases its software games (or "titles") on optical media, which resemble CDs. Beginning in 2006, Playlogic UK began to use StarForce DRM on certain of its games.

2.  When StarForce games are played, they install StarForce DRM without giving users any indication that they do so.

3.  StarForce DRM can compromise Windows operating systems' security, adversely affect the performance of a user's computer, and can cause hardware damage.

4.  Users receive no notice that removing StarForce DRM is necessary to prevent possible security compromise on their computer systems. Worse, removal of StarForce titles does not always remove StarForce DRM software.

### Parties

5.  **Gindling:** Mary Gindling ("Plaintiff" or "Gindling") is a resident of Colorado Springs,

Colorado. Gindling purchased and installed "Age of Pirates: Caribbean Tales" on her

personal computer, and experienced various performance problems and random crashes

until she removed StarForce (including physical damage to and ultimate loss of her CD

drive, loss of use of her printer and computer's data card reader, and loss of use of

certain hardware drivers and Internet Explorer).

6. **Playlogic:** Playlogic Entertainment, Inc. is a Delaware corporation which maintains

headquarters at P.O. Box 4532, New York, NY 10163 and Concertgebouwplein 13, 1071

LL Amsterdam, The Netherlands. Playlogic is an independent publisher of cross-genre

entertainment software for, *inter alia*, personal computers. Playlogic publishes both

software titles by external developers and software titles developed in its in-house

developer departments. Playlogic trades on the Over The Counter Bulletin Board in New

York.

**Jurisdiction and Venue**

7. **Federal Subject Matter:** Gindling asserts a claim under the Computer Fraud and Abuse

Act, under 18 U.S.C. § 1030(g), on behalf of herself and all others similarly situated.

This Court has federal subject matter jurisdiction over this case under 28 U.S.C. § 1331.

8. **Diversity Jurisdiction Under CAFA:** Plaintiff asserts claims of behalf of a proposed

national class whose members are scattered throughout the fifty states. Defendant is a

Delaware corporation headquartered in New York; Defendant can only claim New York

and Delaware citizenship. Regardless of where Defendant's principal places of business

is located, there must at least 48 states besides those whose citizenship Defendant claims,

in which members of the proposed class reside and are citizens: there must be minimal

diversity of citizenship between proposed class members and the Defendants. When the

class claims are aggregated, the amount in controversy exceeds the sum or value of

$5,000,000. This Court also has subject matter jurisdiction over this case under 28 U.S.C.

§ 1332(d).

9. **Personal Jurisdiction:** This Court has personal jurisdiction over the Defendant under

N.Y. C.P.L.R. §§ 301, 302 because Defendant maintains corporate headquarters in, and

committed the majority of acts alleged herein, in New York and, specifically, the
Southern District of New York.

10. **Venue:** Venue is also proper before this Court under 28 U.S.C. § 1391(b)(1), (2), (c).

## Playlogic' Use of StarForce

11. In 2006, Playlogic began encoding certain of its most commercially successful software
titles with StarForce DRM, including "World Racing 2" (released August 14, 2006) and
"Age of Pirates: Caribbean Tales" (released in September 12, 2006) (collectively, the
"StarForce Games"). Playlogic published and distributed StarForce Games throughout
North America.

12. StarForce DRM is made by Protection Technology Co., a corporate body domiciled in
the Russian Federation. On information and belief, Playlogic had little or no inkling of
how StarForce DRM works (and received no explanation from Protection Technology
Co.), and was aware of widespread reports that StarForce DRM caused software and
hardware damage, but nevertheless encoded its games with StarForce DRM and
distributed the resulting StarForce Games to unsuspecting consumers.

13. StarForce DRM is designed to prevent users from using unauthorized copies of StarForce
Games. StarForce DRM requires users to play games with the original optical media
produced by StarForce.

14. StarForce DRM interferes with or replaces the software drivers for the optical drives (CD
and DVD drives) integrated in users' computers. These drivers can potentially
compromise Windows operating systems' security, by providing a means for viruses and
other malware to control of any application installed on the computer with the StarForce
Game.

15. When a user installs a StarForce Titles on his or her computer system, software from
StarForce DRM is also installed.

16. Users most commonly install and uninstall programs through the "Add/Remove
Programs" utility in the Microsoft Windows operating system. However, when the user
uninstalls a Starforce Game, the StarForce DRM software is not always removed with

the game.

17.     StarForce Games provide no indication that they are encoded with StarForce DRM.

Before Playlogic games install themselves on user's computers, they display an End User

License Agreement ("EULA") and require the users to accept its terms. Playlogic'

EULAs do not alert users that StarForce DRM is installed with the StarForce Game, nor

does Playlogic provide any other disclosure that StarForce DRM is installed with

StarForce Games.

18.     Defendant's failure to disclose, inadequate disclosure, and/or concealment of the

StarForce DRM encoded on the StarForce Games is material because:

    (a)     Removal of a StarForce Game does not remove the StarForce DRM;

    (b)     The optical media on which StarForce Games are encoded are not standard CDs or DVDs – StarForce DRM reduces StarForce Games' tolerance for normal wear and tear, and unreasonably shortens the time over which a StarForce Game will function;

    (c)     StarForce DRM consumes an unreasonable amount of a computer's resources, slowing it, harming its performance, and making substantially more likely to freeze, crash, or even continuously reboot;

    (d)     StarForce DRM can disable the optical drives altogether when it replaces the software drivers for those optical drives;

    (e)     StarForce DRM can prevent common and entirely legitimate software which emulates physical disk drives not to work;

    (f)     StarForce DRM collects personal data about the computer user and his or her computer and exchanges information between the user's computer and StarForce's computer servers; and

    (g)     StarForce DRM is unreasonably likely to cause physical harm to a user's optical drives, including causing the optical drives to strip their worm gears.

## Class Certification Allegations

19.     Plaintiff seeks certification of an Injunctive Class of all natural persons who purchased a

StarForce Title for injunctive relief. Plaintiff seeks certification of a Declaratory Subclass

of all natural persons who purchased and installed a StarForce Title for declaratory

judgment under 28 U.S.C. § 2201 that Playlogic is liable for damages. However, due to

the Plaintiff's understanding of the facts at this time, Plaintiff does not seek to certify a

class or subclass for the amount of damages. Plaintiff seeks certification under Rule 23(b)(2) and, subject to Rule 23(c)(4)(A), Rule 23(b)(3).

20. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other Class and Subclass members, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class or Subclass, and Defendant has no defenses unique to Plaintiff.

## Allegations to Certification of Injunctive Class

21. **Definition of the Injunctive Class:** Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this Complaint against Playlogic on behalf of herself and all natural persons in the United States or Canada who purchased one or more PC video games published by Playlogic which was encoded with StarForce DRM (the "Class"). Excluded from the Class are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant has a controlling interest and their current or former employees, officers and directors; and 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons. Members of the Injunctive Class can be identified by their possession of a StarForce Game or by prove of purchase of any StarForce Game.

22. **Class Numerosity:** The exact number of Class members is unknown and is not available to Plaintiff, but it is clear that individual joinder of all Class members is impracticable. Upon information and belief, Defendant sold over $4.5 million of video games in the United States from January 1 to September 30, 2006. These sales figures equate to tens of thousands of games, a substantial portion of which are StarForce Games.

23. **Class Commonality:** Common questions of fact and law exist as to all Class members and predominate over the questions affecting only individual Class members. These common questions include whether:

    (a)    Defendant encoded the StarForce Games with StarForce DRM;

    (b)    Removal of a StarForce Game does not remove the StarForce DRM;

(c)     The optical media on which StarForce Games are encoded are not standard CDs or DVDs – StarForce DRM reduces StarForce Games' tolerance for normal wear and tear, and unreasonably shortens the time over which a StarForce Game will function;

(d)     StarForce DRM consumes an unreasonable amount of a computer's resources, slowing it, harming its performance, and making substantially more likely to freeze, crash, or even continuously reboot;

(e)     StarForce DRM can disable the optical drives altogether when it replaces the software drivers for those optical drives;

(f)     StarForce DRM collects personal data about the computer user and his or her computer and exchanges information between the user's computer and StarForce's computer servers;

(g)     StarForce DRM is unreasonably likely to cause physical harm to a user's optical drives, including causing the optical drives to strip their worm gears;

(h)     The damages and losses described in Paragraph 18 caused by StarForce DRM aggregate to $5,000 in value or more in the year preceding the date this Complaint was filed;

(i)     Class members' computers are protected computers under the meaning of 18 U.S.C. § 1030(e)(2);

(j)     Defendant caused StarForce DRM to be transmitted onto Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A);

(k)     Defendant intentionally damaged Class members' computers when it caused StarForce DRM to be transmitted onto their computers;

(l)     The damage caused to Class members' was unauthorized, by virtue of the Defendant's failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described in Paragraph 18;

(m)     Defendant accessed Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A);

(n)     Defendant's access to Class members' computers and installation of StarForce DRM was without access under the meaning of 18 U.S.C. § 1030(a)(5)(A), by virtue of the Defendant's failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described in (c) to (h);

(o)     By the acts alleged in this Complaint, Defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

(p)     By the acts alleged in this Complaint, Defendant trespassed on Class members' chattels, namely, their personal computers; and

(q)    Plaintiff and the other Class members are entitled to injunctive relief.

24.    **Class Typicality:** Plaintiff's claims are typical of the claims of other Class members, as the wrongful conduct of Defendant threatens the Plaintiff and other Class members with the same injury and/or damages arising out of and based upon the same transactions, made uniformly to the Plaintiff and the public.

25.    **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole. The policies of the Defendant challenged herein apply and affect the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

### Allegations to Certification of Liability Subclass

26.    **Definition of the Liability Subclass:** Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this Complaint against Playlogic on behalf of herself and all natural persons in the United States or Canada who purchased one or more PC video games published by Playlogic which was encoded with StarForce DRM, installed such game, and the game damaged their computer (the "Subclass"). Excluded from the Subclass are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant has a controlling interest and their current or former employees, officers and directors; and 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons.

27.    **Subclass Numerosity:** The exact number of Subclass members is unknown and is not available to Plaintiff, but it is clear that individual joinder of all Subclass members is impracticable. Upon information and belief, a substantial portion of the tens of thousands of games sold by Defendant are StarForce Games, and a substantial portion of those StarForce Games have been installed and damaged the computer on which they were

---

Class Action Complaint                    7

installed.

28.  **Subclass Commonality:** Common questions of fact and law exist as to all Subclass members and predominate over the questions affecting only individual Subclass members. In addition to the common questions raised by the Class, these common questions include whether:

    (a)   The StarForce DRM from a StarForce Game damaged the Subclass members' computers;

    (b)   Plaintiff and the other Subclass members are entitled to declaratory relief that the Defendant is liable for damages under a common law theory of trespass to chattels; and

    (c)   Plaintiff and the other Subclass members are entitled to declaratory relief that the Defendant is liable for damages under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

29.  **Subclass Typicality:** Plaintiff's claims are typical of the claims of other Subclass members, as the wrongful conduct of the Defendant threatens the Plaintiff and other Subclass members with the same injury and/or damages arising out of and based upon the same transactions, made uniformly to the Plaintiff and the public.

30.  **Policies Generally Applicable to the Subclass:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Subclass, thereby making appropriate declaratory relief with respect to the Subclass as a whole. The policies of the Defendant challenged herein apply and affect the Subclass uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

31.  **Limited Purpose of Subclass Certification:** Based on what Plaintiff and her counsel know now, it would not be appropriate to certify a class for a damages judgment. The damages will vary a great deal from Subclass member to Subclass member: some will have only minor software damage that can be repaired with easily obtained software. Other Subclass members will have inoperable and physically damaged optical drives, while still others will have lost data with extremely high value due to StarForce DRM. Because of great variation of Subclass members' damages, uniform compensation to

Subclass members or even a ministerial claims process would be inappropriate. Thus, it appears that a class determination of damages is also inappropriate. Therefore, pursuant to Rule 23(c)(4)(A), Plaintiff seeks a certification for the limited purpose of a declaratory judgment that Defendant is liable to the Subclass members for damages under 18 U.S.C. § 1030, but leaves adjudication of the quantum of the damages to individual proceedings. Plaintiff and her counsel reserve the right, however, to revisit this conclusion after discovery.

32.   **Predominance and Superiority:** This class action is nonetheless appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all members is impracticable, and the damages suffered by each individual Class and Subclass member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. Judicial economy will be greatly enhanced by the relief sought for the Subclass – declaratory judgment on the Defendant's *liability*, even though individual Subclass members may have to litigate their *damages* on an individual basis. Given the evidentiary burdens of showing that StarForce DRM causes damage to computers and proving Defendant's liability, it would be virtually impossible for the Class and Subclass members to obtain effective relief from Defendant's misconduct on an individual basis. Even if members of the Subclass themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**Count I: Plaintiff's Individual Claim Under the
Colorado Organized Crime Control Act, Colo. Rev. Stat. § 18-17-104(3)**

33. Plaintiff incorporates the above allegations by reference as if set forth herein at length.

34. **Computer:** Plaintiff's computer, printer and CD drive, and the software installed on her computer (including her hardware drivers and Internet Explorer) are respectively a "computer," "computer system," and "computer software" under Colo. Rev. Stat. § 18-5.5-101(2), (4), (6).

35. **Access:** Through the StarForce Game Plaintiff purchased from Defendant and installed on her computer, Defendant's employees and associates accessed Plaintiff's computer, printer and CD drive.

36. **Alteration and Damage:** Through the StarForce Game Plaintiff purchased from Defendant and installed on her computer, Defendant's employees and associates altered, damaged, interrupted, caused interruption or impairment of the proper functioning of Plaintiff's computer, printer, CD drive, and the software installed therein.

37. **Transmission:** By selling a StarForce Game to Plaintiff, Defendant's employees and associates' caused the transmission of a computer program (namely StarForce DRM) by means of the StarForce Game with the intent to cause the interruption or impairment of the proper functioning of Plaintiff's computer, software and her CD drive.

38. **Lack of Authorization:** By virtue of the Defendant's failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described in Paragraph 18, the actions of Defendant's employees and associates alleged above in Paragraphs 35 to 37 were without authorization or in excess of authorization.

39. **Computer Crime:** By promoting, distributing and selling Defendant's StarForce Games, Defendant's employees and associates committed computer crime in violation of Colo. Rev. Stat. § 18-5.5-102(1)(a), (e), and/or (f), as alleged above in Paragraphs 35 to 38.

40. **Racketeering Activity:** Defendant's employees and associates' commission of computer crime under Colo. Rev. Stat. § 18-5.5-102 constitutes "racketeering activity" under Colo. Rev. Stat. § 18-17-103(5)(b)(III).

41. **Pattern of Racketeering Activity:** Defendant's employees and associates committed

multiple computer crimes against Plaintiff under different subsections of Colo. Rev. Stat. § 18-5.5-102 by conducting and participating in the promotion, distribution and sales of Defendant's StarForce Games. Further, because Defendant sold tens of thousands of StarForce Games, it is a statistical certainty (and Plaintiff alleges on information and belief) that one or more Subclass members besides Gindling resides in Colorado, and that Defendant's employees and associates committed multiple computer crimes against two or more Colorado residents. By committing at least two computer crimes, Defendant and its employees committed a pattern of racketeering activity under Colo. Rev. Stat. § 18-17-103(3).

42.    **Open-Ended Continuity:** Because the promotion, distribution and sales of StarForce Games is part of Defendant's ordinary course of business, Defendant, its employees, and its associates are likely to continue to commit additional computer crimes under Colo. Rev. Stat. § 18-5.5-102.

43.    **Enterprise:** Defendant is an enterprise under the meaning of Colo. Rev. Stat. § 18-17-103(2), and is separate and distinct from its employees.

44.    **Conduct and Participation in Playlogic's Affairs:** Defendant's employees and associates, including its officers and directors, conducted and participated in the promotion, distribution and sales of Defendant's StarForce Games, which constitutes a pattern of racketeering activity under Colo. Rev. Stat. § 18-17-103(3). By conducting and participating in the promotion, distribution and sales of Defendant's StarForce Games, Defendant's employees and associates violated under Colo. Rev. Stat. § 18-17-104(3).

45.    **Violation of Colo. Rev. Stat. § 18-17-104(3) Damaged Plaintiff:** Defendant's employees and associates' violation of Colo. Rev. Stat. § 18-17-104(3), and specifically their violation of Colo. Rev. Stat. § 18-5.5-102(1)(a), (e), and/or (f), damaged Plaintiff by harming her computer and impairing her use of her computer.

46.    **Aiding and Abetting:** Defendant aided and abetted its employees and associates' violation of Colo. Rev. Stat. § 18-17-104(3).

47.    **Respondeat Superior:** Defendant is liable for its employees and associates' violation of

Colo. Rev. Stat. § 18-17-104(3).

48.     On an individual basis, Plaintiff seeks treble actual damages (including direct damages and consequential damages), as well as attorney fees and costs of investigation and litigation reasonably incurred under the Colorado Organized Crime Control Act, Colo. Rev. Stat. § 18-17-106(7), an injunction against further violations of the Colorado Organized Crime Control Act under Colo. Rev. Stat. § 18-17-106(1), (6), and a money judgment of forfeiture against any persons possessing proceeds derived from the Colorado Organized Crime Control Act violation alleged herein, pursuant to Colo. Rev. Stat. § 18-17-106(10).

**Count II: Trespass to Chattels**

49.     Plaintiff incorporates the above allegations by reference as if set forth herein at length.

50.     Defendant caused StarForce DRM to be installed on Class members' computers by encoding StarForce DRM in its StarForce Games. Through the operation of StarForce DRM described in Paragraph 18, Defendant used and interfered with Class members' use of their computers.

51.     Because Defendant failed to disclose, inadequately disclosed, and/or concealed the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described in Paragraph 18, the installation of StarForce DRM foregoing use, interference, or intermeddling was without Class members' consent or, in the alternative, exceeded Class members' consent.

52.     Defendant's installation of StarForce DRM and StarForce DRM's operation impaired the condition and value of Class members' computers as alleged in Paragraph 18, and thereby injured Class members.

53.     Defendant's installation of StarForce DRM and StarForce DRM's operation constitutes trespass to Class members' chattels, to wit, their computers, under New York common law.

54.     There is an actual case and controversy between the Defendant and the Subclass members over whether the Defendant is liable to the Subclass members for trespass to

chattels.

55.     Plaintiff, on her own behalf and behalf of the other Class members, seeks an injunction for trespass to chattels under New York common law against the Defendant, prohibiting the further distribution of StarForce Games, and mandating a recall of all existing StarForce Games on the market and a returns process for any StarForce Game in possession in a Class member's possession.

56.     Plaintiff, on her own behalf and behalf of the other Subclass members, seeks a declaratory judgment under 28 U.S.C. § 2201 that Playlogic is liable to herself and other Subclass members for damages for trespass to chattels.

57.     On an individual basis, Plaintiff seeks damages (including direct damages and consequential damages) for trespass in an amount to be proved at trial.

## Count III: Negligence

58.     Plaintiff incorporates the above allegations by reference as if set forth herein at length, except that, in the alternative, Plaintiff expressly disclaims any allegation of scienter or intentional fraud.

59.     Under New York common law, the Defendant had a duty to their customers who installed StarForce DRM to exercise reasonable care in the design, manufacture, testing, processing, advertising, marketing and packaging of StarForce Games.

60.     In fact, Defendant never reviewed the source code of StarForce DRM and is essentially ignorant of its actual functionalities, except that it knew or should have known from reports by video game consumers who used games encoded with StarForce DRM that StarForce DRM posed the risks of harm and damage alleged in Paragraph 18.

61.     By failing to disclose those risks, Defendant breached its duty under New York common law.

62.     Plaintiff and the other Class members had no knowledge of the falsity and/or incompleteness of Defendant's misrepresentations when they bought the StarForce Games or installed the StarForce DRM. Plaintiff and the other Class members relied upon the Defendant's failure to disclose that StarForce DRM posed a risk of the kind of

damages alleged in Paragraph 18, and relied on that failure to disclose to their detriment.

63.  As a direct and proximate result of Defendant's breach of their duties, Defendant has damaged Plaintiff and the other Subclass members.

64.  There is an actual case and controversy between the Defendant and the Subclass members over whether the Defendant is liable to the Subclass members for negligence.

65.  Plaintiff, on her own behalf and behalf of the other Subclass members, seeks a declaratory judgment under 28 U.S.C. § 2201 that Playlogic is liable to herself and other Subclass members for damages for negligence.

66.  On an individual basis, Plaintiff seeks damages for negligence in an amount to be proved at trial.

## Count IV:
## Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030

67.  The StarForce DRM in the StarForce Games causes the kinds of computer damage alleged in Paragraph 18, and those damages aggregate to $5,000 in value or more in the year preceding the date this Complaint was filed.

68.  Class members' computers are protected computers under the meaning of 18 U.S.C. § 1030(e)(2).

69.  Defendant caused StarForce DRM to be transmitted onto Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A).

70.  Defendant intentionally damaged Class members' computers when they caused StarForce DRM to be transmitted onto their computers.

71.  The damage caused to Class members' was unauthorized, by virtue of the Defendant's failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses alleged in Paragraph 18.

72.  Alternately, or additionally, Defendant accessed Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A).

73.    Defendant's access to Class members' computers and installation of StarForce DRM was without authorization under the meaning of 18 U.S.C. § 1030(a)(5)(A), by virtue of the Defendant's failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described Paragraph 18.

74.    By the acts alleged in this Complaint, Defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

75.    There is an actual case and controversy between the Defendant and the Subclass members over whether the Defendant is liable to the Subclass members for violating the Computer Fraud and Abuse Act.

76.    Plaintiff, on her own behalf and behalf of the other Class members, seeks an injunction under 18 U.S.C. § 1030(g) against the Defendant, prohibiting the further distribution of StarForce Games, and mandating a recall of all existing StarForce Games on the market and a returns process for any StarForce Game in possession in a Class member's possession.

77.    Plaintiff, on her own behalf and behalf of the other Subclass members, seeks a declaratory judgment under 28 U.S.C. § 2201 that Playlogic is liable to herself and other Subclass members for damages under the Computer Fraud and Abuse Act (18 U.S.C. § 1030(g)).

78.    On an individual basis, Plaintiff seeks damages under 18 U.S.C. § 1030(g) in an amount to be proved at trial.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in her favor and against Defendant as follows:

(a)    With respect to Count I, treble actual damages (including direct damages and consequential damages) against the Defendant, an injunction against further violations of the Colorado Organized Crime Control Act, attorney fees, and costs of investigation and litigation reasonably incurred, as well as damages under Counts II, III and IV;

(b)    With respect to Counts II, III and IV, declaring the action to be a proper class action and designating Plaintiff and her counsel as representatives of the Class and Subclass;

(c)     With respect to the Class claim under Counts II and IV, an injunction which prohibits Defendant from distributing or selling of any video game encoded with StarForce DRM in the future, requires the Defendant to make all reasonable efforts to recall and impound all StarForce Games in their possession or the possession of their agents, and issue refunds to all Class members, as well as other equitable relief, including an accounting, a constructive trust and restitution, in an amount to be determined at trial;

(d)     With respect to the Subclass claim under Counts II, III and IV, a declaratory judgment that Defendant is liable to the Subclass members for damages, but which leaves adjudication of the quantum of such damages to individual proceedings;

(e)     Awarding pre- and post-judgment interest; and

(f)     Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 11, 2007

By: _____

Oren Giskan
GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway -- Suite 2150
New York, New York 10004
Telephone: (212) 847-8315
Fax: (646) 520-3237
ogiskan@gslawny.com

Scott A. Kamber
Ethan Preston
KAMBER & ASSOCIATES, LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kolaw.com
epreston@kolaw.com

Class Action Complaint                                     16